**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO LEON-ANDRES, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   19-70511 <br><br> Agency No. A089-818-033 <br><br> MEMORANDUM[*] |

On Petition for Review of an
Order of the Immigration Judge

Submitted May 6, 2020[**]

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Antonio Leon-Andres, a native and citizen of Guatemala, petitions for

review of an immigration judge's ("IJ") determination under 8 C.F.R.

§ 1208.31(a) that he did not have a reasonable fear of persecution or torture in

Guatemala, and is thus not entitled to relief from his reinstated removal order.  We

have jurisdiction under 8 U.S.C. § 1252.  We review an IJ's negative reasonable

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

fear determination for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), and we deny the petition for review.

Substantial evidence supports the IJ's determination that Leon-Andres failed to establish a reasonable possibility of persecution in Guatemala on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Substantial evidence also supports the IJ's determination that Leon-Andres failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Guatemala. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary state action for CAT relief).

**PETITION FOR REVIEW DENIED.**

19-70511